## UNITED STATES  DISTRICT COURT
## EASTERN DISTRICT OF LOUISIANA

**TROY MICHAEL HYMEL**                                              **CIVIL ACTION**

**VERSUS**                                                                           **NO. 07-450**

**SHERIFF GREG CHAMPAGNE, ET AL.**                    **SECTION: "F"(3)**

### REPORT AND RECOMMENDATION

Plaintiff, Troy Michael Hymel, a state prisoner, filed this *pro se* and *in forma pauperis* complaint pursuant to 42 U.S.C. § 1983 against Sheriff Greg Champagne and Warden Nowak.  In this lawsuit, plaintiff claims that his rights are being violated because, as a state prisoner housed in a parish jail, he is confined under less desirable conditions than state prisoners housed in state prisons.  As relief, he seeks monetary damages, an investigation of the Nelson Coleman Correctional Center and the St. Charles Parish Sheriff, and a transfer to the Elayn Hunt Correctional Center.

This Court is statutorily mandated to "review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity." 28 U.S.C. § 1915A(a). Regarding such lawsuits, federal law further requires:

> On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint –
> > (1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or

(2) seeks monetary relief from a defendant who is immune from such relief.

28 U.S.C. § 1915A(b).

Additionally, with respect to actions filed *in forma pauperis*, such as the instant lawsuit, federal law similarly provides:

> Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that ... the action or appeal –
> (i) is frivolous or malicious;
> (ii) fails to state a claim on which relief may be granted; or
> (iii) seeks monetary damages against a defendant who is immune from such relief.

28 U.S.C. § 1915(e)(2)(B).

The Court has broad discretion in determining the frivolous nature of the complaint.  Cay v. Estelle, 789 F.2d 318, 325 (5th Cir. 1986), modified on other grounds, Booker v. Koonce, 2 F.3d 114 (5th Cir. 1993).  In making that determination, the Court has "not only the authority to dismiss a claim based on an indisputably meritless legal theory, but also the unusual power to pierce the veil of the complaint's factual allegations and dismiss those claims whose factual contentions are clearly baseless."  Neitzke v. Williams, 490 U.S. 319, 327 (1989); Macias v. Raul A. (Unknown), Badge No. 153, 23 F.3d 94, 97 (5th Cir. 1994).  Thus, a complaint is frivolous "if it lacks an arguable basis in law or fact."  Reeves v. Collins, 27 F.3d 174, 176 (5th Cir. 1994); Booker, 2 F.3d at 115 & n.6.  Broadly reading plaintiff's complaint,[1] the Court finds that the complaint should be dismissed as frivolous and for otherwise failing to state a claim on which relief may be granted.

---

[1] The court must liberally construe a *pro se* civil rights complaint.  See Moore v. McDonald, 30 F.3d 616, 620 (5th Cir. 1994).

As a preliminary matter, the Court notes that two of the forms of relief plaintiff is requesting cannot properly be granted by this Court.

To the extent that plaintiff is requesting that the Court order an "investigation" of the Nelson Coleman Correctional Center and the St. Charles Parish Sheriff, this Court has no authority to issue such an order and plaintiff has no constitutional right to such an order.  See May v. Kennard Independent School District, No. 9:96-CV-256, 1996 WL 768039, at *4 (E.D. Tex. Nov. 22, 1996). Moreover, to the extent that plaintiff is alleging that a *criminal* investigation should be instituted, such investigations are solely within the purview of law enforcement authorities.[2]

To the extent that plaintiff is requesting an order that he be transferred to the Elayn Hunt Correctional Center, the Court likewise has no authority to issue such an order.  Placement of state prisoners is a matter left to the discretion of state officials.  A prisoner has no constitutional right springing from the Constitution itself or from any protected liberty or property interest arising from state law to be housed in any particular facility or to be transferred from one prison facility to another, even if life in one prison may be much more disagreeable than in another.  Olim v.

---

[2] Further, the commencement of federal prosecutions is clearly a matter of discretion left to the executive branch of government.  As the United States Fifth Circuit Court of Appeals has noted,

> Although as a member of the bar, the attorney for the United States is an officer of the court, he is nevertheless an executive official of the Government, and it is as an officer of the executive department that he exercises a discretion as to whether or not there shall be a prosecution in a particular case.  It follows, as an incident of the constitutional separation of powers, that the courts are not to interfere with the free exercise of the discretionary powers of the attorneys for the United States in their control over criminal prosecutions.

United States v. Cox, 342 F.2d 167, 171 (5th Cir. 1965).

Wakinekona, 461 U.S. 238, 245-46 (1983); Montanye v. Haymes, 427 U.S. 236, 242 (1976);

Meachum v. Fano, 427 U.S. 215, 224-25 (1976); Tighe v. Wall, 100 F.3d 41, 42 (5th Cir. 1996);

Biliski v. Harborth, 55 F.3d 160, 162 (5th Cir. 1995); Jackson v. Cain, 864 F.2d 1235, 1250 (5th Cir.

1989); Maddox v. Thomas, 671 F.2d 949, 950 (5th Cir. 1982).

     Turning to plaintiff's underlying claim, that claim is frivolous.  Plaintiff is a state prisoner

currently housed in the Nelson Coleman Correctional Center, a parish jail.  In this lawsuit, he alleges

in great detail the more favorable conditions of confinement available to prisoners housed in state

prisons.  He concludes that, as a result of the alleged disparity in conditions between the Nelson

Coleman Correctional Center and the state prisons, his rights to equal protection and due process

have been violated by his placement in a parish jail rather than a state prison.

     In asserting his equal protection claim, plaintiff compares himself and the conditions of his

confinement to prisoners in Louisiana state prisons and the conditions of their confinement.

However, that  is not the relevant comparison for equal protection purposes.  Because plaintiff has

no right to be housed in a state prison,[3] any comparison to prisoners in Louisiana state prisons and

the conditions of their confinement is irrelevant.  Rather, for equal protection purposes, the only

---

    [3] As noted above, a prisoner has no right under federal law to be housed in a particular prison.
Moreover, it is abundantly clear that even Louisiana law does not afford a state prisoner a right to
be confined in a particular prison or even a state prison.  Rather, state law expressly provides:
"[A]ny individual subject to confinement in a state adult penal or correctional institutional shall be
committed to the Louisiana Department of Corrections and not to any particular institution within
the jurisdiction of the department."  La.Rev.Stat.Ann. § 15:824(A).  State law further expressly
provides that, when necessary, state prisoners may be confined in parish jails.  La.Rev.Stat.Ann. §
15:824(B)(1)(a).

relevant consideration is whether he is treated differently persons than "similarly situated,"[4] and the only such persons in that category are the other prisoners confined at the Nelson Coleman Correctional Center.  See Biliski v. Harborth, 55 F.3d 160, 162 (5th Cir. 1995); Santos v. Louisiana Department of Corrections Secretary, Civ. Action No. 95-4215, 1996 WL 89260, at *5 (E.D. La. Feb. 28, 1996).  Because he does not allege that he is treated differently than those prisoners, he has stated no cognizable equal protection claim.

Finally, although it is clear that plaintiff is in fact attempting to assert an equal protection claim, the Court notes that plaintiff also makes reference to his right to due process.  Although plaintiff's allegations do not seem to actually implicate the Due Process Clause, the Court will note, out of an abundance of caution, that any due process claim is likewise frivolous.

The United States Fifth Circuit Court of Appeals has held:  "In a section 1983 cause of action asserting a due process violation, a plaintiff must first identify a life, liberty, or property interest protected by the Fourteenth Amendment and then identify a state action that resulted in a deprivation of that interest."  Blackburn v. City of Marshall, 42 F.3d 925, 935 (5th Cir. 1995).  Plaintiff's claim that he is housed in a parish jail under allegedly less favorable conditions than exist in the state prisons obviously does not involve a deprivation of life or property.  Moreover, it is clear from federal jurisprudence that no liberty interest is implicated in this case.  The United States Supreme Court has held:

---

[4] To state a claim under the Equal Protection Clause of the Fourteenth Amendment, a plaintiff must allege that (1) he was treated differently than similarly situated individuals and (2) the unequal treatment stemmed from a discriminatory intent.  See Taylor v. Johnson, 257 F.3d 470, 473 (5th Cir. 2001).

> [W]e recognize that States may under certain circumstances create liberty interests which are protected by the Due Process Clause.  But these interests will generally be limited to freedom from restraint which, while not exceeding the sentence in such an unexpected manner as to give rise to protection by the Due Process Clause of its own force, nonetheless imposes atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life.

Sandin v. Conner, 515 U.S. 472, 483-84 (1995) (citations omitted).  The United States Fifth Circuit Court of Appeals has noted that after Sandin "it is difficult to see that any other deprivations in the prison context, short of those that clearly impinge on the *duration* of confinement, will henceforth qualify for constitutional 'liberty' status" entitled to due process protections.  Orellana v. Kyle, 65 F.3d 29, 31-32 (5th Cir. 1995) (emphasis added).  Stated differently, the Fifth Circuit has observed that the liberty interests protected by the Due Process Clause are "generally limited to state created regulations or statutes which affect the *quantity of time* rather than the *quality of time* served by a prisoner."  Madison v. Parker, 104 F.3d 765, 767 (5th Cir. 1997) (emphasis added).  In this case, plaintiff's claim clearly involves only the quality of life afforded during his confinement, not the duration of that confinement.[5]

## RECOMMENDATION

It is therefore **RECOMMENDED** that plaintiff's complaint be **DISMISSED WITH PREJUDICE** pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b) as frivolous and for otherwise failing to state a claim on which relief may be granted.

---

[5]  Moreover, in any event, as previously noted in this opinion, the state clearly has not created *any* right entitling a state prisoner to be housed in a state facility.  To the contrary, state law specifically provides for the housing of state prisoners in parish jails.  La.Rev.Stat.Ann. § 15:824; see also Santos v. Louisiana Department of Corrections Secretary, Civ. Action No. 95-4215, 1996 WL 89260, at *3-4 (E.D. La. Feb. 28, 1996).

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within ten (10) days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object.  Douglass v. United Services Auto. Ass'n, 79 F.3d 1415, 1430 (5th Cir. 1996) (en banc).

New Orleans, Louisiana, this sixteenth day of February, 2007.

**DANIEL E. KNOWLES, III**
**UNITED STATES MAGISTRATE JUDGE**